WILLIAM L. McBRIDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McBride v. Commissioner
Docket No. 5788-76.
United States Tax Court
T.C. Memo 1978-131; 1978 Tax Ct. Memo LEXIS 390; 37 T.C.M. (CCH) 570; T.C.M. (RIA) 780131; March 30, 1978, Filed William L. McBride, pro se. Robert A. Johnson, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioner's Federal income taxes as follows: Taxable
Income
Section 6653(b) [1]
Section 6654 year
tax
additions to tax
additions to tax
1970
$1,567.00
$ 783.50
$29.00
1971
3,255.16
1,627.58
81.00
1972 [2]
561.29
0
0
1973
288.80
0
0
*391 The following issues remain for our decision: (1) Whether petitioner willfully neglected to file timely tax returns for 1970 and 1971, so that he is liable for the section 6651(a) additions to tax which respondent asserted in his answer, and (2) Whether any part of petitioner's underpayment of tax for the taxable years 1970 and 1971 was due to negligence or intentional disregard of rules and regulations so that he is liable for the section 6653(a) additions to tax, which respondent asserted in his answer. FINDINGS OF FACT All of the facts have been stipulated and are so found. Those necessary to an understanding of the case are as follows. Petitioner William L. McBride resided in Hmpton, Virginia, at the time the petition was filed herein. Petitioner did not file an income tax return for either of the years 1970 or 1971. Petitioner *392 and his wife filed a joint individual tax return for the taxable year 1972 with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner filed an individual tax return for 1973 with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner was the president and sole shareholder of McBride Insulation Corporation (MIC) until it was reorganized as McBride, Inc. (McBride), on April 1, 1970. During the years at issue, petitioner was the president and sole shareholder of McBride. McBride filed a corporate tax return for the fiscal year ended March 31, 1971, which return was received by the Internal Revenue Service on September 17, 1971. Petitioner signed McBride's return which showed that McBride had paid him $13,256.68 as compensation during the fiscal year ended March 31, 1971. During his taxable years 1970 and 1971, petitioner received salary payments from McBride in the amounts of $6,621 and $8,941, respectively. McBride withheld Federal income tax from the salary which it paid to petitioner during 1970 and 1971. From April 1970 through December 1973, McBride owned a 1969 Plymouth station wagon and petitioner used it for his personal purposes during this *393 period. Throughout the years in issue, petitioner would withdraw cash from his solely owned corporation and use at least part of it to pay corporate expenses. On his 1972 and 1973 returns, petitioner reported compensation received from McBride in the amounts of $6,138 and $11,658, respectively. Petitioner reported no other income for such years. In his answer, respondent asserted for the first time that, if we did not find petitioner liable for the fraud penalty under section 6653(b), then alternatively, petitioner was liable for the additions to tax under sections 6651(a) and 6653(a) as follows: Section 6651(a)
Section 6653(a) Year
additions to tax
additions to tax
1970
$263.25 [3]
$ 78.35
1971
668.04 [3]
162.76
Respondent has conceded that petitioner is not liable for the section 6653(b) additions to tax. On February 6, 1978, we granted respondent's motion to dismiss for failure properly to prosecute *394 with regard to the income tax deficiencies and the section 6654 additions to tax. OPINION Respondent concedes that he has the burden of proving that petitioner is liable for the sections 6651(a) and 6653(a) additions to tax because these issues were raised in his answer. Respondent has met his burden. It has been stipulated that petitioner did not file returns for the years 1970 and 1971, and that petitioner received a salary from McBride in the amounts of $6,621 and $8,941, respectively, for those taxable years. As president of McBride on September 15, 1971, petitioner signed McBride's corporate tax return for the fiscal year ended March 31, 1971. Such return showed that McBride had paid petitioner $13,256.68 as compensation during its fiscal year. Since petitioner caused his solely owned corporation to file that return showing that it had paid money to petitioner as compensation, it is clear that petitioner was aware that he had received compensation from McBride during 1970 and 1971, and that he was capable of filing returns during such period. If petitioner lacked the necessary information to file his 1970 and 1971 individual returns, he should have requested extensions *395 of time (as he had caused McBride to do for its fiscal year ended March 31, 1971) or obtained such information and filed a return long before March 26, 1976, when respondent mailed his statutory notices. It is also clear that petitioner knew he should file returns to report his salary from McBride since he filed returns for 1972 and 1973 reporting only his salary from McBride, and since he caused his solely owned corporation to withhold Federal income taxes from his salary during 1970 and 1971. Even if petitioner did not know that he should file returns until 1973, then he still should have attempted to file his 1970 and 1971 returns at that time. For all of the above reasons, we hold that petitioner's failures to file timely returns for the taxable years 1970 and 1971 were due to willful neglect, and not due to reasonable cause, so that he is liable for the section 6651(a) additions to tax. The section 6653(a) addition to tax applies if "any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations." (Emphasis supplied.) Since petitioner knew that he had received a salary from McBride during 1970 and 1971, and since McBride, his *396 solely owned corporation, had withheld Federal income tax from petitioner's salary, we hold that petitioner should have known that the amounts received from McBride were taxable. Respondent has met his burden of proving that part of the underpayments for both 1970 and 1971 were due to negligence or intentional disregard of rules and regulations, so that petitioner is liable for the section 6653(a) additions to tax for such years. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954. ↩
2. Since petitioner filed a joint return with his wife for 1972, respondent determined the 1972 deficiency with respect to petitioner and his wife. However, petitioner's wife did not file a petition and is not a party to this proceeding.↩
3. These amounts do not equal 25 percent of the deficiencies for 1970 and 1971, because in computing them respondent has given petitioner credit, pursuant to section 6651(b), for the amounts withheld from petitioner's salary by McBride.↩